UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMIE D'AMICO | * | CIVIL ACTION |
| VERSUS | * | NO. 23-5805 |
| DOVER BAY SPECIALTY INSURANCE COMPANY | * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Dover Bay Specialty Insurance Company's Motion for Attorneys' Fees. ECF No. 18. This motion was scheduled for submission on Wednesday, March 4, 2026. As of this date, Plaintiff Jamie D'Amico has failed to file an Opposition Memorandum, and the deadline for filing same expired on Tuesday, February 24, 2026. *See* E.D. La. L.R. 7.5.

Having considered the record, the submission and arguments, and the applicable law, Defendant's Motion for Attorneys' Fees is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I. **BACKGROUND**

Plaintiff Jamie D'Amico filed suit in state court seeking to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees. ECF No. 1-1. Upon removal, this matter became subject to this Court's Hurricane Ida Case Management Order ("CMO") and the Streamlined Settlement Program ("SSP") set forth therein. *See* ECF Nos. 1, 4, 7, 8, 9, 10. On August 4, 2025, Magistrate Judge North certified that the parties had complied with the requirements of the SSP but had not resolved their case, lifted the stay of this matter, and returned it to Judge Papillion's docket. ECF No. 12. The case is scheduled for trial on July 22, 2026. ECF No. 14.

On January 7, 2026, this Court granted Defendant's motion to compel and reserved to it the right to recover fees and costs in accordance with Rule 37(a)(5) of the Federal Rules of Civil

1

Procedure.  ECF No. 17.  Defendant now seeks $738.00 in attorneys' fees incurred in filing the motion to compel.  ECF No. 18-1 at 1-2.  This amount reflects 2.9 hours of attorney time at $225.00 an hour including 0.9 hours in efforts to reach Plaintiff to meet and confer as well as another 0.3 hours at $285.00 per hour for another attorney's revisions to the draft motion.  ECF No. 18-4.

## II.  APPLICABLE LAW AND ANALYSIS

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgement.[1]

### A.  The Methodology

Federal courts typically use the "lodestar method" as a guide to determine attorneys' fee awards, which provides "an objective basis on which to make an initial estimate of the value of a lawyer's services."[2]  In diversity cases, state law controls both the award and reasonableness of fees,[3] and Louisiana courts' methodology is similar to the lodestar method.[4]

Louisiana courts have identified ten factors to determine reasonableness of attorneys' fees: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of litigation; (4) the amount of money involved; (5) the extent and character of worked performed; (6) the attorney's legal knowledge, attainment and skill; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge.[5]  Once the lodestar has been determined, the court must consider the weight and applicability of the twelve

---

[1] *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (stating party seeking fee bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).
[2] *Hensley*, 461 U.S. at 433; *accord. Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993) (citations omitted).
[3] *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).
[4] *See, e.g.*, *Covington v. McNeese State Univ.*, 118 So. 3d 343, 350-51 (La. 2013) (Guidry, J.) (finding no abuse of discretion in district court's fee award, which award was calculated under the lodestar method).
[5] *State v. Williamson*, 597 So. 2d 439, 442 (La. 1992) (citing *State v. Jacob*, 491 So.2d 138 (La. App. 3d Cir. 1986); *State v. Ransome*, 392 So. 2d 490 (La. App. 1st Cir. 1980)).

*Johnson* factors.[6]  If the *Johnson* factors warrant an adjustment, the court may adjust the lodestar upward or downward.[7]  "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account."[8]  The lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances.[9]

### B. Lodestar Calculation

#### 1. Reasonable Hourly Rate

In determining the reasonable hourly rate, the court is not bound by the amount charged by the attorney.[10]  Rather, the "appropriate hourly rate . . . is the market rate in the community for th[e] work."[11]  The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'"[12]  Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[13]

Defendant seeks to recover hourly rates of $225 and $285 per hour.  ECF No. 18-4 at 2.  Although Defendant's supporting affidavit does not provide any information as to the years of

---

[6] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 91-94 (1989); *Watkins*, 7 F.3d at 457.  The twelve factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-19.
[7] *Watkins*, 7 F.3d at 457 (citation omitted).
[8] *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993)).
[9] *Watkins*, 7 F.3d at 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).
[10] *Village Shopping Ctr. P'ship v. Kimble Dev. LLC*, 287 So. 3d 882, 886 (La. App. 5 Cir. 2019); *St. Blanc v. Stabile*, 114 So. 3d 1158, 1160 (La. App. 5 Cir. 2013) (citing *Jackson Square Towne House Home Ass'n, Inc. v. Hannigan*, 867 So. 2d 960, 965–66 (La. App. 2 Cir. 2004)).
[11] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)); *accord. McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (stating that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community'" (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984))); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) ("To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates.").
[12] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13-454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum,* 465 U.S. at 895).
[13] *Blum*, 465 U.S. at 895 n.11; *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *3; *Creecy,* 548 F. Supp. 2d at 284.

experience or rates customarily charged by the attorneys,[14] when the hourly rate sought is not opposed, it is *prima facie* reasonable.[15]

## 2. Documentation of Hours Reasonably Expended and Billing Judgment

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[16] Only the reasonable hours directly connected to the motion to compel are compensable under Rule 37.[17]

Further, only work of a legal nature is compensable. That includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."[18] This work must be distinguished from activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[19] Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[20] Thus, when an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[21]

In addition, the party seeking fees must also demonstrate the exercise of billing judgment,

---

[14] ECF No. 18-3.
[15] *Kellstrom*, 50 F.3d at 328 (citation omitted); *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted); *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (Engelhardt, J.) (holding that attorney's requested hourly rate is *prima facie* reasonable when it is the customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested (citation omitted)).
[16] *Creecy,* 548 F. Supp. 2d at 286 (citing *Wegner*, 129 F.3d at 822; *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)); *see also Hensley*, 461 U.S. at 433 (stating party seeking fees bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).
[17] *Stagner v. W. Kentucky. Navigation, Inc.*, No. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").
[18] *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989).
[19] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for time attorney spent copying and Bates-numbering documents).
[20] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (reducing hours billed for time attorney sent faxing documents (citations omitted)).
[21] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).

which refers to the usual practice of writing off unproductive, excessive, or redundant hours.[22] "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."[23] The burden is on the party seeking the fee award to prove that they exercised billing judgment.[24] "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[25] As an alternative to a percentage reduction, the court may exclude hours that were not reasonably expended and/or conduct a line-by-line analysis of billings.[26]

Defendant's supporting affidavit seeks compensation for 3.2 hours, including 0.9 hours spent in efforts to confer with Plaintiff regarding discovery, 2.0 spent in preparing the motion to compel, and another 0.3 for another's review of same. Rule 37(a) only allows a court to award fees and expenses incurred in securing the order compelling discovery, not preliminary discovery efforts.[27] Thus, the 0.9 hours in pre-motion meet and confer efforts is not compensable. Moreover, preparation of a simple motion to compel involving a total failure to respond should not have taken more than 2 hours to secure the order compelling discovery.

---

[22] *Walker*, 99 F.3d at 769.
[23] *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir.) (citation omitted), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).
[24] *Walker*, 99 F.3d at 770 (citation omitted).
[25] *Id.*; *see also U.S. ex rel. McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) (Africk, J.) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is 'a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.'" (quoting *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'" (quoting *Walker*, 99 F.3d at 770)).
[26] *See Fleming v. Elliot Sec. Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *5 (E.D. La. Oct. 21, 2021) (citing *Hensley*, 461 U.S. at 434; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002)).
[27] *See Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981); *see also American Hangar, Inc. v. Basic Line, Inc*. 105 F.R.D. 173, 175–76 (D. Mass. 1985) (stating that Rule 37(a) only provides for the expenses in bringing the motion, not for expenses relating to the underlying discovery dispute); *SCM Societa Commerciale S.P.A. v. Indus. & Com. Rsch. Corp.*, 72 F.R.D. 110, 112 n.3 (N.D. Tex. 1976) (stating Rule 37(b) provides for a wider range of sanctions than does Rule 37(a)).

### C. Adjusting the Lodestar

The Court has carefully evaluated the *Johnson* factors and finds no lodestar adjustment warranted.

## III. CONCLUSION

Defendant has established that it is entitled to recover 1.7 hours at $225 an hour and 0.3 hours at $285 an hour, for a total award of $468. Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Dover Bay Specialty Insurance Company's Motion for Attorneys' Fees is GRANTED IN PART AND DENIED IN PART. Defendant is awarded reasonable attorneys' fees in the amount of $468.00.

New Orleans, Louisiana, this \_\_\_4th\_\_\_ day of March, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE