UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMIE D'AMICO | * | CIVIL ACTION |
| VERSUS | * | NO. 23-5805 |
| DOVER BAY SPECIALTY INSURANCE COMPANY | * | SECTION "P" (2) |

**ORDER AND REASONS**

Defendant Dover Bay Insurance Company's Motion to Compel Discovery Responses and Deposition (ECF No. 32) is pending before me in this matter. The motion was scheduled for submission on Wednesday, September 16, 2026. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, September 8, 2026. *See* E.D. La. L.R. 7.5.

## I. BACKGROUND

Defendant issued discovery on September 4, 2025, in this Hurricane Ida case. ECF No. 32, at 1. Now a year later, despite efforts to obtain same, Plaintiff has still not provided written responses to same. *Id.* Further, Plaintiff has not provided availability for her deposition despite Defendant's repeated requests for same. *Id.*

Defendant filed this Motion to Compel on August 31, 2026, and set it for submission on September 16, 2026. ECF Nos. 32 & 32-7. The discovery deadline lapsed on September 3, 2026, and a jury trial is set for December 14, 2026. ECF No. 31.

## II. APPLICABLE LAW AND ANALYSIS

Courts generally look to the deadline for completion of discovery in considering whether

a discovery motion has been timely filed.[1] "It is axiomatic that to complete discovery means that all disputes relative to discovery . . . must be filed and resolved prior to the discovery deadline."[2] Indeed, the Fifth Circuit has confirmed the district court's discretion to deny as untimely a motion filed after the discovery deadline.[3]

When a party asks the court to address an untimely motion to compel on the merits, the movant must establish good cause under Rule 16(b) to extend the discovery deadline.[4] Good cause requires a showing that the relevant scheduling order deadline cannot reasonably be met "despite the diligence of the party needing the extension."[5] In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, courts examine

---

[1] *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398–99 (N.D. Tex. 2006) (denying motion to compel as untimely when filed two weeks after discovery deadline); *Mollinger–Wilson v. Quizno's Franchise Co.*, 122 F. App'x 917, 920, 923 (10th Cir. 2004) (finding no abuse of discretion in district court's holding that pro se plaintiffs' motion to compel depositions "was untimely because the deadline for discovery had expired, the plaintiffs had not employed previous opportunities to take depositions, and that plaintiffs had presented inadequate proof that additional depositions were necessary"); *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed four months after discovery had closed and after summary judgment motion was filed); *Ginett v. Fed. Express Corp.*, No. 97-5481, 1998 WL 777998, at *5 (6th Cir. 1998) (finding no abuse of discretion when the trial court denied a motion to compel filed two months after the discovery deadline, because the plaintiff knew of the document at issue long before the discovery deadline); *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying "what was clearly Appellants' untimely motion to compel document production" where "Appellants waited more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court"); *Flynn v. Health Advoc., Inc.*, No. 03–3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005) (holding a motion to compel was untimely as plaintiff filed it after discovery closed and over three weeks after summary judgment motions and plaintiff was aware of deficiencies one month before discovery closed), *aff'd* 169 F. App'x 99 (3rd Cir. 2006); *Banks v. CBOCS West, Inc.*, No. 01-0795, 2004 WL 723767, at *2–3 (N.D. Ill. Apr. 1, 2004) (holding motion to compel filed two months after the close of discovery was clearly untimely despite busy schedule of counsel because counsel was aware of unresolved issues prior to discovery deadline, opposing party would be prejudiced, and dispositive motions would be delayed); *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (denying a motion to compel discovery filed four months after the discovery deadline and five days before a hearing on a summary judgment motion).

[2] *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sept. 19, 2017) (quoting *Fairley v. Wal-Mart Stores, Inc.*, No. 15-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016); *Galliano Marine Serv., LLC v. Schumacher*, No. 17-09868, 2018 WL 3970751, at *1 (E.D. La. June 4, 2018).

[3] *Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (per curiam) (finding no abuse of discretion where the district court dismissed a motion to compel in part because it was filed about three weeks after the discovery deadline)).

[4] *See Parkcrest Builders*, 2017 WL 4156499, at *2 (analyzing motion to compel under good cause standard for changing deadline in a scheduling order under Rule 16(b)).

[5] *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, No. MDL 2328, 2014 WL 1154334, at *3 (E.D. La. Mar. 21, 2014) (quoting *S&W Enters., L.L.C. v. South Tr. Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)); *accord. Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 18-2885, 2021 WL 6196978, at *2 (E.D. La. Dec. 30, 2021).

several factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice."[6] When deciding "whether a motion to compel filed after the discovery deadline is untimely and/or should be permitted," courts consider "(1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed," (6) "the age of the case," (7) "any prejudice to the party from whom late discovery was sought," and (8) "disruption of the court's schedule."[7] The Fifth Circuit reviews the trial court's decision to grant or deny a motion to modify a discovery schedule for abuse of discretion.[8]

The governing Scheduling Order in this case required that all discovery must be completed by September 3, 2026. ECF No. 31. The motion to compel was not filed until August 31, 2026. ECF No. 32. Defendant did not seek expedited hearing or otherwise attempt to have the matter resolved before the September 3, 2026, discovery deadline. Nor does movant provide any explanation whatsoever for the almost one-year delay between filing this motion and the October 4, 2025, deadline for Plaintiff to respond. The motion is untimely.

Should the district judge issue a new scheduling order that re-opens discovery, Defendant may re-file this motion to compel as it is entitled to receive discovery responses and conduct Plaintiff's deposition.

---

[6] *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)); *accord Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). The Fifth Circuit has suggested that the *Geiserman* test is the appropriate analysis where a party seeks to re-open discovery after the deadline has passed. *Pool Prod. Distrib. Mkt. Antitrust Litig.*, 2014 WL 1154334, at *3.
[7] *See Days Inn*, 237 F.R.D. at 398 (collecting cases).
[8] *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020).

## III. CONCLUSION

Having considered the record, the written submissions of counsel, the governing Scheduling Order, and the applicable law,

**IT IS ORDERED** that the Motion to Compel (ECF No. 32) is **DENIED**.

New Orleans, Louisiana, this 16th day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE