**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMIE D'AMICO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5805** |
| **DOVER BAY SPECIALTY INSURANCE COMPANY** | **SECTION: "P" (2)** |

# ORDER AND REASONS

Before the Court is the "Motion to Substitute Party Plaintiff via Curator, or Alternatively via Power of Attorney" filed by Plaintiff, Jamie D'Amico.[1] Defendant, Dover Bay Specialty Insurance Company, opposes the motion.[2] Having considered the parties' briefing, the record, and the applicable law, the Court denies Plaintiff's motion without prejudice, for the following reasons.

## I. BACKGROUND

Plaintiff Jamie D'Amico originally filed this action *pro se* against Dover Bay on August 28, 2023, in Jefferson Parish, Louisiana. She alleges that property owned by Plaintiff sustained damage following Hurricane Ida, that the property was insured by Dover Bay under a homeowner's insurance policy, and that Dover Bay breached the policy by failing to fairly and promptly adjust Plaintiff's claim and to timely tender proceeds due under the policy.[3] Dover Bay removed the action to this Court on October 5, 2023.[4] Ms. D'Amico has been represented by counsel since March of 2025. The present motion, filed through counsel, states that Ms. D'Amico suffers from severe physical and mental disabilities, and due to those disabilities, Ms. D'Amico moves to substitute her mother, Melvina L. Burnthorne, as the plaintiff in this action. In furtherance of the substitution, Ms. D'Amico also moves the Court to appoint Ms. Burnthorne as curator *ad*

[1] R. Doc. 41.
[2] R. Doc. 43.
[3] *See* R. Doc. 1-1 at 4–11.
[4] R. Doc. 1.

*litem* to prosecute the claims in this action. The motion states that, in the alternative, Ms. D'Amico agrees to execute a power of attorney in favor of Ms. Burnthorne to accomplish the requested substitution.

## II. LAW AND ANALYSIS

Plaintiff's motion does not cite any legal authority for her requests for an order appointing Melvina L. Burnthorne as curator *ad litem* or to substitute Ms. Burnthorne as party plaintiff. The Court turns to the Federal Rules of Civil Procedure, which contain the following relevant provisions. First, as to the appointment of a curator ad litem, which the Court construes as a request to appoint a guardian ad litem, Federal Rule of Civil Procedure 17(c)(2) states that "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."[5] This rule further states that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."[6] Next, as to the substitution of a party due to incompetency, Federal Rule of Civil Procedure 25(b) states "[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative."[7] Because Ms. D'Amico does not currently have a representative to substitute in her place, the Court must first determine whether the appointment of a guardian ad litem is appropriate.

As previously stated, "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."[8] "[I]ndividuals are incompetent for Rule 17 purposes if they lack the capacity to litigate under the law of [their] domicile."[9] There

---

[5] FED. R. CIV. P. 17(c)(2).
[6] *Id.*
[7] FED. R. CIV. P. 25(b).
[8] FED. R. CIV. P. 17(c)(2).
[9] *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006) (citing *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990)).

is no dispute in this case that Ms. D'Amico is domiciled in Louisiana.[10] Louisiana Code of Civil Procedure article 684(A) provides that "[a] person fully interdicted or a person whose limited interdiction specifically restricts the procedural capacity to sue does not have the procedural capacity to sue."[11] Capacity to sue in Louisiana therefore depends on whether a person has been interdicted, which occurs only by way of procedure under Louisiana law.[12] The Fifth Circuit has "reject[ed] the notion that in determining whether a person is competent to sue in federal court a federal judge must use the state's procedures for determining competency or capacity."[13] Rather, it is the state's substantive definition or standard for determining competency that applies.[14] Article 684(A), read alone, might suggest that a person who has not been interdicted has the capacity to sue as a matter of Louisiana law. But interdiction is Louisiana's procedure for determining incapacity, and the Louisiana Civil Code supplies the substantive standard that this Court applies.[15] Louisiana Civil Code article 390 provides that "[a] court may order the limited interdiction of a natural person of the age of majority . . . who due to an infirmity is unable consistently to make reasoned decisions regarding the care of his person or property, or any aspect of either, or to communicate those decisions, and whose interests cannot be protected by less restrictive means." Accordingly, applying Louisiana's standard in this federal civil action, the Court must determine whether Ms. D'Amico, due to an infirmity, is unable consistently to make reasoned decisions regarding her interests in this litigation, or any aspect of those interests, or to communicate either,

[10] *See* R. Doc. 1 at 3; R. Doc. 1-1 at 4.
[11] LA. CODE CIV. PROC. art. 684(A) (as amended by 2025 La. Acts No. 250, effective August 1, 2025). Before that amendment, article 684 provided that "[a] mental incompetent does not have the procedural capacity to sue." The Court need not decide which version governs this action, which was filed in 2023. On this record, the Court cannot determine whether Ms. D'Amico is incompetent under either standard.
[12] *See* LA. CODE CIV. PROC. art. 4541; LA. CIV. CODE art. 390.
[13] *Thomas*, 916 F.2d at 1035.
[14] *See id.*; *Magallon*, 453 F.3d at 271–72.
[15] *See* LA. CIV. CODE art. 390; *Thomas*, 916 F.2d at 1035; *Magallon*, 453 F.3d at 271–72 (applying Texas's substantive standard, which asks whether a person is incapable of properly caring for his own interests in the litigation).

and whether her interests cannot be protected by less restrictive means. If this standard is satisfied, Ms. D'Amico will be deemed incompetent for purposes of this litigation, and the provisions of Federal Rule 17(c)(2) will apply.

On the current record, the Court is unable to determine whether Ms. D'Amico is incompetent under the applicable standard because Plaintiff has failed to provide any evidence upon which the Court may properly rely. Under Federal Rule of Civil Procedure 43(c), "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions."[16] Under 28 U.S.C. § 1746, unsworn declarations carry the same force and effect as a sworn affidavit or declaration if the unsworn declarations follow the form set forth therein.[17] Thus, Plaintiff may carry her burden with unsworn declarations in the form set out in 28 U.S.C. § 1746, but the arguments and documents currently provided, on their own, fall short of satisfying any evidentiary standard.

First, in the one-paragraph memorandum in support of the motion, counsel includes a three-paragraph footnote stating the myriad of mental, physical, and other issues Ms. D'Amico is currently facing. Statements by counsel in the footnote of a memorandum are argument, not evidence. Second, counsel attaches a September 21, 2026 note on Dr. John Macgregor's letterhead that appears to be Dr. Macgregor's notes from a visit with Ms. D'Amico, but the note lacks the requisite declaration and is not signed. Third, counsel attaches what appears to be an email from Dr. Macgregor to counsel, dated September 28, 2026, that includes comments and opinions by Dr. Macgregor about Ms. D'Amico's mental conditions, her competency, and the appointment of a curator. This document likewise lacks the requisite declaration and is not signed. Accordingly, on

[16] FED. R. CIV. P. 43(c).
[17] 28 U.S.C. § 1746.

the current record, there is insufficient evidence to determine whether Ms. D'Amico is incompetent such that a guardian ad litem should be appointed to protect her interests in this litigation.[18]

The motion is also insufficient as to Melvina L. Burnthorne's suitability to serve as guardian ad litem in the event Ms. D'Amico is determined to be incompetent. The record contains no evidence of Ms. Burnthorne's qualifications for appointment as guardian ad litem such that the Court can satisfy itself that Ms. Burnthorne's appointment would, indeed, protect Ms. D'Amico's interests in this action.[19]

Finally, as to the alternative request for substitution by power of attorney, no power of attorney has been executed or filed in conjunction with Plaintiff's motion, so this request is premature. Nevertheless, if Plaintiff seeks this relief in the future on a ripe motion, Plaintiff should be mindful of the arguments raised by Defendant regarding the issues surrounding Ms. D'Amico's capacity and the validity of any power of attorney she executes.[20]

## III. CONCLUSION

For all the foregoing reasons,

**IT IS ORDERED** that the "Motion to Substitute Party Plaintiff via Curator, or Alternatively via Power of Attorney" (R. Doc. 41) filed by Plaintiff, Jamie D'Amico, is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a renewed motion for the same or similar relief that cures the defects identified in this Order and Reasons no later than **December 8, 2026**. Any renewed motion shall be supported by declarations that comply with 28 U.S.C. § 1746

[18] *Cf. Hamilton v. Vannoy*, No. 17-194-SDD-RLB, 2020 WL 1433528, at *2 (M.D. La. Mar. 23, 2020) (relying on a declaration by a forensic psychiatrist who evaluated the plaintiff's competence in determining that the plaintiff required a guardian ad litem to protect his interests in the case).
[19] *Cf. id.* (relying on declaration by proposed guardian ad litem highlighting his qualifications for the position, including his relationship to the mentally incompetent plaintiff, his willingness and ability to serve as guardian ad litem, and that he has no interests adverse to those of the mentally incompetent plaintiff).
[20] *See* R. Doc. 43 at 6–7.

and shall include a declaration from a treating physician addressing the standard set out in this Order and Reasons, and a declaration from the proposed representative addressing her relationship to Ms. D'Amico, her qualifications, her willingness to serve, and the absence of any interest adverse to Ms. D'Amico. Any renewed motion shall cite the legal authority for each form of relief requested and shall be set for submission on **December 23, 2026**.

**IT IS FURTHER ORDERED** that the Court will hold a **telephone status conference** on **January 7, 2027, at 2:00 p.m.** To participate in the conference, counsel shall call in promptly at 1:55 p.m. using telephone number 571-353-2301 and Call ID 515773125.

New Orleans, Louisiana, this 19th day of November 2026.

Darrel James Papillion

DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE